IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLT FRANCIS WRIGHT,

Plaintiff,

v.                                          CASE NO. 20-3079-SAC

TRAVIS HENRY, et al.,

Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Colt Francis Wright brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis*.  Mr. Wright is a pretrial detainee being held at the Saline County Jail in Salina, Kansas, on charges of attempted capital murder of a law enforcement officer, aggravated robbery, aggravated battery of a law enforcement officer, fleeing or attempting to elude a police officer, and possession of a controlled substance.

I.      **Nature of the Matter before the Court**

On February 5, 2019, Plaintiff was driving a Jeep that had been reported stolen when he was spotted by police.  The situation developed into a high-speed chase involving multiple law enforcement officers ("LEOs").  There were reports that Plaintiff had fired a gun.  Plaintiff went off the road in a farm field, left the Jeep, and began running away from assembled LEOs.  Officers Reay and Henry, without trying to talk to Plaintiff or otherwise defuse the situation, both fired at Plaintiff as he attempted to run away.  Plaintiff alleges he had not fired on the LEOs nor "displayed any threatening mannerisms."  Plaintiff was shot in his lower right hip/pelvis area and fell to the

1

ground.  The LEOs continued shooting at him, hitting him two more times.  Multiple officers reported seeing Plaintiff holding a gun, and a gun was found near him in the field.

Plaintiff alleges the defendants violated his rights under the Eighth, Fourteenth, and Fifth Amendments.  Plaintiff names as defendants Travis Henry, Investigator for the Saline County Sheriff's Department; Kevin Reay, Police Officer, Salina Police Department; Jesse Christmas, Police Officer; and Scott Anderson, Lieutenant, Saline County Sheriff's Department.  He requests relief in the form of compensatory damages of $7,000,000 and punitive damages of $1,000,000. Plaintiff also asks the Court to "review my entire case (Case No. 19-CR-142) and issue a preliminary injunction "over these matters."  (ECF No. 1, at 11).

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. *Plaintiff's Request for the Court to Intervene in Criminal Proceedings*

Mr. Wright asks this Court to "review" his pending criminal prosecution in Saline County District Court and issue an injunction over "all matters." Plaintiff does not explain why he wants this Court to intervene in his criminal prosecution, but the Court is prohibited from doing so under *Younger v. Harris,* 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997). Absent narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, *Younger,* 401 U.S. at 46–55, abstention is both appropriate and mandated when:

(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court affords an adequate forum to hear the claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If applicable, the *Younger* abstention doctrine obligates the Court to dismiss an action in favor of an ongoing state proceeding. *Weitzel*, 240 F.3d at 875.

Applying the *Younger* analysis to this case, the Court finds that the first condition is clearly met because there are ongoing state criminal proceedings. The second condition is met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff,* 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (*citing Younger,* 401 U.S. at 44). The third condition is met because the Kansas courts provide Plaintiff with an adequate forum to litigate whatever constitutional questions may arise by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). Finally, Plaintiff's very general request is insufficient to trigger any of the *Younger* exceptions.

Accordingly, the Court denies Plaintiff's request to intervene in his state prosecution, and to the extent Plaintiff is making a claim for injunctive relief, such claim is dismissed under *Younger.*

### B.  *Plaintiff's Excessive Force Claim*

The question remains whether Plaintiff's claim alleging Defendants used excessive force in arresting him may go forward while his prosecution is pending.  *Younger* applies "whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."  *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted).  This principle has been interpreted to discourage addressing any claim which could disrupt state proceedings, regardless of whether the claim specifically targets that proceeding. *See Simpson v. Rowan,* 73 F.3d 134, 137 (7th Cir. 1995) (holding that *Younger* applied to claims alleging misconduct during arrest and criminal investigation even though resolution of those claims might not directly intervene in criminal prosecution, because federal judgment could nevertheless substantially disrupt the state process); *see also Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1074 (N.D. Ill. 2014) (*Younger* abstention applies to §1983 claim of excessive force upon arrest where claimant is charged with resisting arrest and prosecution is ongoing).

Here, Plaintiff is charged with fleeing or attempting to elude a police officer, and resisting or attempting to evade arrest is one of the factors to be considered in an excessive force claim.  *See Graham v. Connor,* 490 U.S. 386, 396 (1989) (holding that on an excessive force claim, the Fourth Amendment's "proper application requires careful attention to the facts and circumstances of each particular case, including ... whether [the suspect] is actively resisting arrest or attempting to evade arrest").  Because the question of whether Plaintiff is guilty of attempting to elude a LEO is "intertwined with the question of whether [Defendants] used excessive force, *Younger* abstention is appropriate."  *Boothe*, 66 F. Supp. 3d at 1074.

6

Because monetary relief is not available to Plaintiff in his defense of criminal charges, however, and because his claims may become time-barred by the time the state prosecution has concluded, the Court will stay rather than dismiss Plaintiff's excessive force claim.  *See Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Although the *Younger* abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances, the district court at most should have stayed rather than dismissed those claims because they cannot be redressed in the pending state proceedings.") (footnote omitted) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied ... by just staying proceedings on the federal damages claim until the state proceeding is final."); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) (unpublished) ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should stay federal proceedings on the damage claims, not dismiss the action altogether.").

Therefore, the Court will stay this case and administratively close it until the state court criminal proceeding reaches a final conclusion.

**IT IS THEREFORE ORDERED** that Plaintiff's request for the Court to intervene in his state criminal prosecution is **denied** and his claim for injunctive relief is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claim for damages under 42 U.S.C. §1983 is **stayed**, and the case is administratively closed pending resolution of Plaintiff's state criminal proceedings.  When the state court proceedings reach a final conclusion, Plaintiff shall notify the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **denied** without prejudice to his renewing the motion when the stay is lifted.

**IT IS SO ORDERED.**

**DATED:  This 30th day of September, 2020, at Topeka, Kansas.**


s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**